In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Ronald L. BRANDT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Ronald L. BRANDT, Respondent.

Supreme Court

*No. 2011AP1193–D.—Decided October 5, 2011.*

2011 WI 92

(Also reported in 803 N.W.2d 845.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1. PER CURIAM.    In this reciprocal discipline proceeding, we must determine whether to publicly reprimand Attorney Ronald L. Brandt as discipline iden-

tical to that imposed on him by the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts (the Massachusetts Board).

¶ 2. On May 25, 2011, the Office of Lawyer Regulation (OLR) filed a complaint and order to answer against Attorney Brandt pursuant to SCR 22.22.[1] The

---

[1] SCR 22.22 provides, in part: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

44

OLR also filed a motion asking this court to direct Attorney Brandt to inform the court of any claim under SCR 22.22(3) that the imposition of reciprocal discipline would be unwarranted.

¶ 3. On June 7, 2011, the court granted the OLR's motion and directed Attorney Brandt to so inform the court of any claim under SCR 22.22(3) by June 27, 2011. Attorney Brandt did not file any response to the court's order by the specified date.

¶ 4. On July 29, 2011, Attorney Brandt and the OLR filed a stipulation. The stipulation repeats the factual allegations contained in the OLR's complaint, which are drawn from the Massachusetts disciplinary materials. In the stipulation, Attorney Brandt acknowledges that he received a public reprimand in Massachusetts and agrees that he should receive a public reprimand in Wisconsin as reciprocal discipline. He states that he does not claim any of the "defenses" to the imposition of reciprocal discipline set forth in SCR 22.22(3). The stipulation contains the proper averments that Attorney Brandt understands the allegations against him and the ramifications of the requested discipline, that he understands his rights to contest the allegations and to consult with and retain counsel, and that his entry into the stipulation has been made knowingly and voluntarily.

¶ 5. Attorney Brandt was admitted to the practice of law in Wisconsin in June 1972. He was admitted to the practice of law in Massachusetts in January 1982.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

The most recent address provided by Attorney Brandt to the State Bar of Wisconsin is located in Quincy, Massachusetts.

¶ 6. Attached to the OLR's complaint and the stipulation are copies of an "Order of Public Reprimand" and an attached summary of the disciplinary proceedings issued by the Massachusetts Board on April 8, 2010. It appears from the summary that the public reprimand resulted from a stipulation of facts and joint recommendation for discipline executed by Attorney Brandt and the Massachusetts regulatory authorities.

¶ 7. According to the summary, a client retained Attorney Brandt in October 2005 to represent him in a medical malpractice case regarding a surgery and postoperative care that occurred in October 2004. The client gave copies of some of his medical records to Attorney Brandt.

¶ 8. In early August 2007, Attorney Brandt decided not to pursue the client's medical malpractice claim. He did not notify the client of this decision, however, nor did he return the client's medical records. In addition, Attorney Brandt did not advise the client of his right to consult other attorneys, of the applicable statute of limitations, or of the consequences of failing to file suit before the expiration of the statute of limitations. He did not take any steps to toll the statute of limitations on the client's behalf or to otherwise protect the client's rights so that he could consult with other attorneys. Indeed, for more than 2 1/2 years, from November 2005 until June 2008, Attorney Brandt never communicated with his client. In June 2008 the client learned for the first time that no lawsuit had been filed on his behalf when he went to Attorney Brandt's office to inquire.

¶ 9.   The Massachusetts Board determined that Attorney Brandt's failure to keep his client informed about the status of the matter and to advise the client of his decision not to pursue a claim violated Massachusetts Rules of Professional Conduct (MRPC) 1.2(a), 1.3, and 1.4. It further concluded that Attorney Brandt's decision to terminate the representation of the client without taking reasonably practical steps to protect the client's interests and his failure to return all of the client's files to the client in a seasonable manner violated MRPC 1.16(d).

¶ 10.   The Massachusetts Board accepted the parties' stipulation of facts and imposed the requested public reprimand. It noted as an aggravating factor that Attorney Brandt had substantial experience in the practice of law.

¶ 11.   As noted above, Attorney Brandt has not raised any of the reasons for imposing a different level of discipline set forth in SCR 22.22(3). Our review of the record also discloses no reason why a different level of discipline should be imposed in this state. Consequently, we impose a public reprimand under SCR 22.22(3) as discipline identical to that imposed in the Commonwealth of Massachusetts.

¶ 12.   Because this is a reciprocal discipline matter that has been resolved by stipulation without the appointment of a referee and the OLR has requested that we not impose costs, we do not require Attorney Brandt to pay the costs of this proceeding.

¶ 13.   IT IS ORDERED that Ronald L. Brandt is publicly reprimanded for his professional misconduct.