# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP539-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ronald L. Brandt, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Ronald L. Brandt, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BRANDT

| | |
|---|---|
| OPINION FILED: | December 15, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, J. concurs (opinion filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2017AP539-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ronald L. Brandt, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complainant,**

  **v.**

**Ronald L. Brandt,**

    **Respondent.**

**FILED**

**DEC 15, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. In this disciplinary proceeding, we are asked to determine whether Attorney Ronald L. Brandt's license to practice law in Wisconsin should be revoked, as discipline reciprocal to that imposed by the Supreme Judicial Court of Massachusetts.

¶2 After considering this matter and in view of Attorney Brandt's failure to respond to our order to show cause, we conclude that Attorney Brandt's license to practice law in

Wisconsin should be revoked. Given that this matter has been resolved without a contest or the appointment of a referee, we do not impose any costs on Attorney Brandt.

¶3 Attorney Brandt was admitted to the practice of law in this state in June 1972 and in the state of Massachusetts in January 1982. According to information provided to the State Bar of Wisconsin, Attorney Brandt most recently practiced law in Massachusetts.

¶4 Attorney Brandt has been the subject of professional discipline in this state on one prior occasion. In 2011 this court publicly reprimanded Attorney Brandt as discipline reciprocal to that also imposed by the Supreme Judicial Court of Massachusetts. See In re Disciplinary Proceedings Against Brandt, 2011 WI 92, 337 Wis. 2d 43, 803 N.W.2d 845.

¶5 Attorney Brandt's license to practice law in Wisconsin has been administratively suspended since October 2013 due to his failure to pay bar dues and to file a required annual trust account certificate.

¶6 The Office of Lawyer Regulation (OLR) initiated this disciplinary proceeding by filing a complaint, order to answer, and a motion requesting this court to issue an order directing Attorney Brandt to show cause, in writing, under Supreme Court Rule (SCR) 22.22(3),[1] why the imposition of discipline identical

_____

[1] SCR 22.22(3) provides:

    (3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(continued)

to that imposed in Massachusetts would be unwarranted. After Attorney Brandt was served with these documents, this court issued such an order to show cause on June 15, 2017. Our order directed Attorney Brandt to file his response by July 5, 2017. Attorney Brandt has not filed a response to the order to show cause, nor has he filed any answer or motion in response to the OLR's complaint.

¶7   The OLR's complaint alleges that on January 30, 2017, the Supreme Judicial Court of Massachusetts indefinitely suspended Attorney Brandt's license to practice law in that state. The OLR's complaint also alleges that Attorney Brandt failed to notify the OLR of this indefinite suspension, as required under SCR 22.22(1).[2]

---

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

[2] SCR 22.22(1) provides:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

3

¶8   According to the underlying Massachusetts disciplinary records attached to the OLR's complaint, the indefinite suspension was the result of Attorney Brandt's misconduct in three client representations, as well as his failure to cooperate with the Massachusetts bar counsel and to comply with an administrative suspension that was imposed due to his lack of cooperation.  Because Attorney Brandt did not file an answer or otherwise respond to the bar counsel's complaint, he was found to be in default with respect to the allegations of misconduct in the Massachusetts disciplinary complaint.

¶9   In the first client representation, a couple retained Attorney Brandt to represent them in clearing legal title to their residence.  Pursuant to a written fee agreement, the couple gave Attorney Brandt an advance fee of $7,500, which he deposited into his client trust account.  Attorney Brandt, however, failed to perform any substantial legal services and to respond to the couple's several requests for information about their matter over the course of approximately seven months.  In May 2015, Attorney Brandt closed his client trust account and had the remaining balance in the account ($6,764.16) disbursed to himself, even though he had not earned any of the remaining funds.  Prior to withdrawing the couple's funds, Attorney Brandt did not send them an itemized bill, written notice of the intended withdrawal, or a statement of the balance of their funds.  Attorney Brandt converted the couple's funds for his own personal purposes or for purposes in other unrelated representations.

¶10 In June 2015 Attorney Brandt vacated his law office. He did not notify the couple. In July 2015, due to their inability to contact Attorney Brandt, the couple terminated his representation and requested a return of their file and the advance fee. Despite several additional attempts to obtain their file and the unearned advance fee, Attorney Brandt never responded to their requests.

¶11 Based on these facts, Attorney Brandt was found to have violated the following Massachusetts Rules of Professional Conduct (Mass. R. Prof. C.) in existence at the time of his misconduct: 1.1, 1.2(a), 1.3, 1.4(a) and (b), 1.15(b) and (d), 1.16(d) and (e), and 8.4(c) and (h).

¶12 In the second client representation, Attorney Brandt was retained in June 2013 to represent J.M. in an employment discrimination claim. For the first six months Attorney Brandt failed to respond to at least nine emails sent by J.M., as well as her numerous telephone calls. Attorney Brandt ultimately did file a civil action on J.M.'s behalf in February 2014, but he failed to respond to any of the defendants' discovery requests, to propound discovery requests to the defendants, or to depose the defendants. He also failed to advise J.M. of her scheduled deposition until two days before it was to occur. When she asked to postpone the deposition so she could prepare adequately, Attorney Brandt said that was not possible because the notice had been on his desk for over a week. Attorney Brandt's continuing failure to respond to J.M.'s multiple attempts at communication over the next year ultimately led her

5

to terminate Attorney Brandt's representation and to hire successor counsel, who then requested a copy of J.M.'s file. Attorney Brandt failed to provide the file. Despite Attorney Brandt's lack of cooperation, successor counsel was able to resolve the matter in J.M.'s favor.

¶13 In the J.M. matter, Attorney Brandt was found to have violated Mass. R. Prof. C. 1.1, 1.2(a), 1.3, 1.4(a) and (b), and 1.16(e).

¶14 The third client matter involved Attorney Brandt's representation of a homeowner in a dispute regarding work performed at the homeowner's residence. The fee agreement provided for a contingency in Attorney Brandt's favor, plus the payment of a "non-refundable retainer" in the amount of $2,500. The homeowner initially wished Attorney Brandt to pursue a claim against a subcontractor due to allegedly defective work.

¶15 The general contractor sued the homeowner shortly after Attorney Brandt had been retained. Attorney Brandt filed an answer and asserted certain counterclaims against the general contractor. The trial court subsequently dismissed some of the homeowner's counterclaims and gave him thirty days to join the subcontractor as a necessary party to the litigation. The general contractor subsequently propounded discovery requests to the homeowner, to which Attorney Brandt failed to respond, resulting in motions to compel. Attorney Brandt failed to propound any discovery to the general contractor and failed to move to join the subcontractor within the time frame established by the court. The general contractor then filed a second motion

6

to dismiss the homeowner's counterclaims, which Attorney Brandt failed to oppose, resulting in the granting of the motion.

¶16 In September 2015 counsel for the general contractor informed the court that he had not received answers to letters sent to Attorney Brandt for several months and that Attorney Brandt's telephone had been disconnected. When Attorney Brandt failed to notify the client or to appear at a final pre-trial conference in December 2015, the court entered a default against the homeowner.

¶17 Given the circumstances, the court directly notified the homeowner of the default. The homeowner attempted multiple times to contact Attorney Brandt, but he did not respond. Consequently, the homeowner terminated Attorney Brandt's representation and retained successor counsel, who immediately requested a copy of the homeowner's client file. Attorney Brandt failed to provide the file as requested. The homeowner also requested a refund of the "non-refundable retainer," but Attorney Brandt did not provide any refund.

¶18 Based on these facts, Attorney Brandt was found to have violated Mass. R. Prof. C. 1.1, 1.2(a), 1.3, 1.4(a) and (b), 1.16(d) and (e).

¶19 Following receipt of grievances from the clients identified above, the Massachusetts bar counsel sent the grievances to Attorney Brandt and requested responses within specified time periods. Bar counsel also requested Attorney Brandt to appear at bar counsel's office. Attorney Brandt failed to respond to the grievances or to appear at bar

7

counsel's office as requested. As a result of his failure to cooperate, the Supreme Judicial Court of Massachusetts issued an order administratively suspending Attorney Brandt's license to practice law in that state. The order further directed Attorney Brandt to take certain steps within 30 days, but Attorney Brandt failed to comply. Attorney Brandt's lack of cooperation and his failure to comply with the Supreme Judicial Court's suspension order was found to have violated multiple rules of professional conduct.

¶20 Under SCR 22.22(3), this court shall impose the identical discipline or license suspension imposed on an attorney in another jurisdiction, unless one or more of three exceptions apply. Attorney Brandt has not responded to the order to show cause or alleged that any exception applies. After reviewing the matter, we conclude that none of the three exceptions applies. We therefore revoke Attorney Brandt's license to practice law in Wisconsin, as the most similar form of discipline to the indefinite suspension imposed by the Supreme Judicial Court of Massachusetts. Given the resolution of this matter without any substantial litigation, we do not impose costs on Attorney Brandt.

¶21 IT IS ORDERED that the license of Ronald L. Brandt to practice law in Wisconsin is revoked, effective the date of this order.

¶22 IT IS FURTHER ORDERED that Ronald L. Brandt shall comply with the provisions of SCR 22.26 concerning the duties of

8

a person whose license to practice law in Wisconsin has been revoked.

¶23 SHIRLEY S. ABRAHAMSON, J. *(concurring)*. This is a reciprocal discipline case governed by Supreme Court Rule (SCR) 22.22(3). SCR 22.22(3) requires this court to impose "identical discipline" to that imposed by the other state. The per curiam opinion does not adhere to the text of the rule. Rather, the per curiam opinion revokes the attorney's license to practice law "as the most similar form of discipline to the indefinite suspension imposed by the Supreme Judicial Court of Massachusetts."

¶24 I write to point out that once again the instant case raises the question of what constitutes "identical discipline" under SCR 22.22(3). I suggest, as I have suggested previously, that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, should consider proposing a revision of the Supreme Court reciprocal discipline rule to govern the many instances in which this court cannot impose discipline identical to that imposed by the other state.